The State, *ex rel.* Gibson, *v.* Friedley.

Filed Sept. 19, 1893.

———————◆———————

No. 17,107.

THE STATE, EX REL. GIBSON, JUDGE OF THE FOURTH JU-
·DICIAL CIRCUIT COURT, *v.* FRIEDLEY.

OFFICE AND OFFICER.—*Circuit Court Judge.—Prosecuting Attorney.— Power of Legislature to Abolish a Circuit.—Limitation of.—Can not Abridge Term of Office.—Statute Construed.—Constitutional Law.—* The Legislature may, from time to time, divide the State into judicial districts, but by so doing the Legislature can not legislate judges and prosecutors out of their respective offices. The Legislature may add to, or may take from, the territory constituting a circuit; it may create new circuits; it may abolish a circuit, provided the act be made to take effect at, and not before, the expiration of the terms of office of the judge and prosecutor of such circuit, as constituted at the time of the act. The act of March 4, 1893, attempting to abolish the fifth judicial circuit is unconstitutional.

SAME.—*Circuit Court Judges and Prosecuting Attorneys.—Manner of Removal from Office.—Constitutional Officers.—*Circuit judges and prosecuting attorneys are neither State, county nor township officers, but are constitutional officers whose tenure of office is fixed thereby, and can only be removed in the manner fixed by the constitution, except where the Legislature provides a different mode of removal, which must be by general law applying alike to all such judges and prosecutors, granting due process of law.

From the Jefferson Circuit Court.

·*A. G. Smith*, Attorney-General, *M. Z. Stannard* and *C. L. Jewett*, for appellant.

*C. E. Walker*, for appellee.

The State, *ex rel.* Gibson, *v.* Friedley.

DAILEY, J.—On the 28th day of August, 1893, the relator filed an information, in the Jefferson Circuit Court, against the appellee, Friedley. By the information, it is averred that the relator is the judge of the Fourth Judicial Circuit of the State of Indiana, and that said appellee has usurped and intruded into said office, and detains the same from him, although he has demanded possession thereof; and judgment is prayed that the relator may be awarded the possession of said office, and all other proper relief.

To this information, the appellee, in the court below, filed his answer, pleading, especially, the authority by virtue of which he holds the possession of said office as judge, as against the said relator.

To this answer the appellant filed her demurrer, which was overruled, an exception being reserved to the decision of the court. Thereupon the appellant filed her reply, to which the appellee demurred, the demurrer being sustained, and an exception reserved on the part of the appellant. The appellant having elected to stand by the reply and declining to plead further, judgment was rendered in favor of the appellee, from which the relator prosecutes this appeal.

The errors assigned in this court are as follows:

First. That the answer of the appellee, William T. Friedley, in the court below, did not state facts sufficient to constitute a cause of defense.

Second. That the court below erred in overruling the demurrer to said appellee's answer.

Third. That the court below erred in sustaining the demurrer to appellant's reply.

It is not disputed that on the 4th day of March, 1893, Clark county alone constituted the Fourth Judicial Circuit of the State of Indiana. Elliott's Supp., section 263.

The State, *ex rel.* Gibson, *v.* Friedley.

And the statute in force provided that the terms of court in said Fourth Judicial Circuit should be held as follows: "On the first Monday of February; the third Monday of April; the first Monday of September, and the third Monday of November, in each year;" to remain in session while the business of the court required. Acts of 1891, p. 68.

And, at said date, the county of Jefferson, alone, constituted the Fifth Judicial Circuit of the State of Indiana; and it was provided, by law, that the terms of court in said Fifth Judicial Circuit should be held as follows: "On the first Monday in January; the first Monday in April; the first Monday in September, and the first Monday in November," of each year; said terms to continue in session as long as the business of the court required.

On the 4th day of March, 1893, the Legislature of Indiana approved an act which purports to abolish the Fifth Judicial Circuit, and annex the territory heretofore constituting the Fifth Judicial Circuit, and change the time of holding the courts in the counties of Clark and Jefferson. The act will be found in the Acts of of 1893, on page 359, and is entitled "An Act entitled an act defining the Fourth Judicial Circuit of the State of Indiana, fixing the times of holding courts in said circuit; prescribing the limits of the terms thereof; providing for the judge thereof, and abolishing the Fifth Judicial Circuit of the State of Indiana, and repealing all laws in conflict herewith."

It will be observed that this title has no reference to, or mention of, courts in the Fifth Judicial Circuit. The first section reads as follows: "Be it enacted by the General Assembly of the State of Indiana, That on and after the first day of August, 1893, the Fifth Judicial Circuit of the State of Indiana, which is now constituted of the county of Jefferson, shall be abolished."

The second section provides, that on and after the first day of August, 1893, the counties of Clark and Jefferson shall constitute the Fourth Judicial Circuit of the State of Indiana.

The third section provides for the holding of the courts in the Fourth Judicial Circuit as by the second section constituted of the counties of Clark and Jefferson.

The fourth section provides that on and after the first day of August, 1893, the judge of the Fourth Judicial Circuit of the State of Indiana, as the same is now con-constituted, shall be the judge of the Fourth Judicial Circuit of the State of Indiana, as thereafter constituted by this act, and until his successor is elected and qualified.

This proceeding was instituted as a friendly one, with a view to testing the following questions:

First. What is the legal effect of the act of March 4, 1893, in view of the fact that the act abolishes the appellee's entire circuit, the term for which he was elected and qualified not having expired.

Second. If the act of March 4, 1893, is unconstitutional or inoperative, in so far as it undertakes to abolish the term for which appellee was elected, viz: from October 22, 1891, to October 22, 1897, will the same still have the effect of changing the terms of court in the counties of Clark and Jefferson?

At the time the act of 1893 was approved, the relator, George H. D. Gibson, was the sole judge of the Fourth Judicial Circuit, and the appellee, William T. Friedley, was the sole judge of the Fifth Judicial Circuit. The appellee, having declined to recognize the validity of the last mentioned act of the Legislature, upon the ground that the same is unconstitutional and void, or, at any rate, is inoperative, has continued in possession of said office, and in the discharge of the duties thereof in the

county of Jefferson, and has declined to surrender the same to the relator.

The first question that naturally arises is as to the alleged error of the court in overruling the demurrer to appellee's answer; but as the questions attempted to be raised in all the assigments of error are the same, they may be disposed of together. The answer, omitting the caption and purely formal parts, reads thus: "The said defendant hereby enters his appearance to the above action, waives the issuing and service of process herein, and for answer to said information and complaint, says that he, said defendant, is a *bona fide* resident of Jefferson county, Indiana, and has been for more than thirty years last past; that he is now fifty-eight years old, and has been a voter and elector of said county, aforesaid, for the last thirty years or more, and during all of said time he has been eligible to be voted for and to be elected to the office of circuit judge of the Fifth Judicial Circuit of the State of Indiana, and eligible to take and hold said office; that prior to the general election of November, 1884, the Fifth Judicial Circuit was composed of the counties of Jefferson and Switzerland, and so continued until February 4, 1891, when Switzerland, Ohio and Dearborn counties were erected into the Seventh Judicial Circuit, and Jefferson county, alone, was erected into the Fifth Judicial Circuit; that on the 28th day of February, 1889, the county of Clark, alone, was created the Fourth Judicial Circuit, and the relator was elected circuit judge of said Fourth Judicial Circuit, by the electors of Clark county, alone, on the —— day of November, 1892, at the general election, and was, afterwards, commissioned as such judge, and entered upon the discharge of the duties of said office on the 19th day of November, 1892; that this defendant was duly and legally elected circuit judge of the Fifth Judicial Circuit, on the 4th day of

November, 1884, for the term which was to commence on the 22d day of October, 1885; that he was duly commissioned for said term, qualified and entered upon the discharge of the duties of said judge, as aforesaid, and served the full term thereof; that he was again a candidate for election to said office of circuit judge of said Fifth Judicial Circuit at the general election, held November, 1890, and had no opposition, and was the only person voted for to fill said office; that there were cast 2,894 votes in Jefferson county, and 2,100 votes in Switzerland county, for judge of the Fifth Judicial Circuit of Indiana, at said election, and he received all of said votes so cast, and was duly elected circuit judge for said Fifth Judicial Circuit, for the term of six years, from the 22d day of October, 1891; that said votes were duly canvassed, and the result properly certified to the secretary of State, and the executive of State, the governor, issued to defendant a commission as judge of said Fifth Judicial Circuit, for the term of six years, commencing October 22d, 1891, and ending October 22d, 1897; that said defendant accepted said office and commission, and took the oath of office, which is indorsed on his commission, and a certified copy thereof was forwarded to the secretary of State, and by him filed in his office, to wit, November ——, 1890; that at the expiration of defendant's first term, he entered upon the discharge of the duties of said office aforesaid, and has tried to discharge the duties of said trust, to the best of his skill and ability; that he accepted said office in good faith, and entered into the possession of it peaceably, and as a matter of right, and has not forfeited, surrendered nor resigned the same, but is still acting in the capacity as aforesaid. And, he says that, at all times, he has discharged said duties of circuit judge, as aforesaid, within the bounds of Jefferson county, Indiana, since it alone has been created into a

The State, *ex rel.* Gibson, *v.* Friedley.

circuit, and that at no time has he attempted to exercise any of the duties of the judge of the Clark Circuit Court (the Fourth Judicial Circuit), since the relator has been judge, as aforesaid.

The defendant further avers that by an act, approved March 4, 1893, the Legislature attempted to abolish the Fifth Judicial Circuit, aforesaid, and consolidate Jefferson and Clark counties into the Fourth Judicial Circuit, and provided that the judge of the Fourth Judicial Circuit, as the circuit was then composed (to wit, of Clark county), should discharge the duties of circuit judge in the circuit attempted to be formed by said act (to wit, in the counties of Jefferson and Clark). And they further provided that said act should not go into effect until the first day of August, 1893.

The defendant avers that said Legislature utterly failed to provide by said act any circuit or county for defendant, in which he could exercise the functions of said office of circuit judge, or in which he could discharge the duties thereof, and attempted by said act to deprive him of his vested right to said office and its functions, in violation of the constitutional rights of the defendant, which he had, by virtue of said election, commission and acceptance of said office, and constitutional guaranties, in reference thereto.

The defendant says that the sole and only cause of complaint which the relator has against the defendant is, that the defendant has exercised the duties of circuit judge within Jefferson county, (only) since the 1st day of August, 1893, claiming that such duties in said court devolves upon him, relator, by virtue of said act of March 4th, 1893, and said actions of this defendant are the same wrongful and unlawful acts of usurpation and intrusion into relator's office complained of, and none other.

The defendant says, that as to all other matters in said information and complaint, not controverted in this paragraph of answer he denies. He further says that said relator is assuming that he is the proper person to discharge the duties of circuit judge within Jefferson county, Indiana, and that defendant is not, and that by reason of said assumption, a cloud has been cast upon the title of defendant to said office and the functions thereof. Wherefore, he asks that the relator take nothing by this action; that said act of March 4th, 1893, be declared and adjudged void; that defendant's title to said office be quieted in him, and for all other proper relief as may be equitable and just.''

In order to determine the sufficiency or insufficiency of this answer, an inquiry is involved as to what is the legal effect of the aforesaid act of March 4th, 1893. It is conceded by the appellant that, unless the said act was a valid and legal enactment, and became operative from and after the 1st of August, 1893, the relator's claim to the office of judge, in so far as Jefferson county is concerned, is not well founded. On the contrary, it is conceded by the appellee that his title to the office of judge of said court is based upon his previous election thereto and the claim upon his part that the act of March 4th, 1893, is unconstitutional, or, at least, that the same is inoperative during the term for which he was elected.

The judge and prosecuting attorney are constitutional officers; they are so designated in the organic law, and are neither State nor county officers.

The constitution, article 3, section 96, R. S. 1881, separates into three departments the powers of the State government as follows: Legislative, executive, including administrative, and the judicial. Article 7 of the constitution, section 161, R. S. 1881, vests the whole

judicial power of the State in the Supreme Court, in circuit courts, and in such other courts as the General Assembly may establish.

Section 168, R. S. 1881, provides that the circuit courts shall each consist of one judge. Section 169, R. S. 1881, is as follows: "The State shall, from time to time, be divided into judicial circuits; and a judge for each circuit shall be elected by the voters thereof. He shall reside within his circuit, and shall hold his office for the term of six (6) years, if he so long behave well."

Section 171, R. S. 1881, reads: "There shall be elected, in each judicial circuit, by the voters thereof, a prosecuting attorney, who shall hold his office for two (2) years."

Section 172, R. S. 1881, reads: "Any judge or prosecuting attorney who shall have been convicted of corruption or other high crime, may, on information in the name of the State, be removed from office by the Supreme Court."

Section 173 provides that the compensation of the judges of the Supreme Court or circuit courts shall not be diminished during their continuance in office.

The first section of the act in controversy abolishes, in express terms, the fifth judicial circuit of this State, which circuit the section itself declares to be composed of the county of Jefferson alone; necessarily, having a judge to preside over its courts, and a prosecuting attorney to prosecute the pleas of the State therein, the other four sections are builded upon the validity of the first section. If the first section be unconstitutional and void, then all the other sections are likewise void.

It seems beyond the power of the Legislature to legislate a judge and prosecuting attorney out of office, and if the Legislature can not, by a direct act, deprive them

The State, *ex rel.* Gibson, *v.* Friedley.

of their offices, neither can it do so by the indirect mode of abolishing their circuit.

Section 172, R. S. 1881, *supra,* which provides that judges and prosecuting attorneys may be removed from office by "conviction or corruption, or other high crime," defines a plan, which, in itself, involves a trial, a hearing by the accused, a day in court, and then the removal on information in the name of the State may be adjudged by the Supreme Court. This section, however, provides that a removal may be effected in such other manner as may be provided by law. But the State has thus far failed to provide any other manner than the constitutional mode.

The Legislature under this latter clause, we think, has the power to provide for the removal of judges and prosecuting attorneys, in some additional or other manner, than that prescribed in this constitutional section. It could only do so, however, by enacting a general law applicable to all judges and all prosecuting attorneys, and to be valid must provide for a trial, and must give to the accused a day in court, an opportunity to be heard and make defense, or the act would be unconstitutional for the failure to give the accused such opportunity and right. This clause does not authorize the Legislature to enact a law, removing the judge or prosecutor from office, at its will, without giving him a day in court.

Section 169, R. S. 1881, is the only authority that can be found on which to base the legislative right of removal. But to give the first clause of that section such construction would nullify that part of the same section, which provides that the judge of a circuit, when elected, shall hold his office for a term of six years, if he so long behave well. To construe this section to mean that the Legislature can, at its own will, abolish the circuit, and thus legislate the judge and prosecuting attorney out of

office, in addition to being in direct conflict with the other provisions of our organic law, would also put the official life of every judge and every prosecuting attorney of the State at the mercy of the Legislature. It would subject the judiciary to the legislative power, and utterly destroy all judicial independence. Judges and prosecutors would be at the whim or caprice of the Senators and Representatives in their tenure of office.

The authors of our constitution well understood the long struggle for many years previous to secure the independence of the judiciary and the tenure of office of the judges; hence section 96, R. S. 1881, was enacted dividing the powers of the State government into three distinct coördinate departments, carefully excluding any control of one over another.

If the Legislature, by a special act, may remove one judge or one prosecuting attorney, it may remove any and all such officials in the State, and hence they would be at the mercy of any Legislature whose enmity or ill will they may have incurred.

The office of circuit judge, as well as prosecuting attorney, is a public trust, committed by the public to an individual, the duties and functions of which he is bound to perform for the benefit of the public, and entitles him to exercise all the duties and functions of the office, and to take the fees and emoluments belonging to it. 2 Bouvier's Law Dict., title "Office."

"Officers are required to exercise the functions which belong to their respective offices. The neglect to do so may, in some cases, subject the offender to an indictment." 1 Yeates Rep. (Pa.), 519.

There can be no such thing as an office without responsive duties and functions to be performed by the officer. It is not the mere right to receive an annual com-

pensation without the exercise of any corresponding duties. If the General Assembly can transfer, bodily, the entire territory which constitutes the locality in which the judge or prosecuting attorney may lawfully exercise the functions and duties of his office, and attach that territory to another circuit, then it can strip the incumbents of their respective offices as effectually as it is possible to so do by any words that can be used. It is, in fact, as much a removal of the judge and prosecutor so deprived of all territory as would be a judgment of a Supreme Court removing either of them from his trust. It is not to be assumed that the framers of the constitution builded it so unwisely as to secure to a judge an office and its tenure, and the right to exercise all its prerogatives within a defined locality for a period of six years, if he so long behave well, and, by the same organic law, intended that the General Assembly might remove him, at its will, from the exercise of all the privileges and duties pertaining thereto, without a hearing, without a conviction for misconduct, under the guise of ''from time to time dividing the State into judicial circuits.'' Such division may be exercised by the Legislature, where the act does not legislate judges and prosecutors out of their respective offices, but not otherwise. The General Assembly may add to, or may take from, the territory constituting a circuit. It may create new circuits. It may abolish a circuit, if the act be made to take effect at, and not before, the expiration of the terms of office of the judge and prosecutor of such office, as constituted at the time of the act. This act abolishes the circuit on and after the first day of August, 1893, and, therefore, must be effectual to abolish the circuit and the offices on the day named, or not at all.

As stated, the offices of judge and prosecuting attorney of the Fifth Judicial Circuit expire on the 22d day of

October, 1897, and, to abolish the circuit, it must be, by law, to take effect on the date last named. These positions are in line with the authorities. The judges and prosecuting attorneys are not State, county, or township officers; they are constitutional officers. *State, ex rel.,* v. *Tucker,* 46 Ind. 355 (359).

The case of *State, ex rel.,* v. *Noble,* 118 Ind. 350, fully establishes the independence of the judiciary. The Legislature can not extend or abridge the term of an office, the tenure of which is fixed by the constitution. *Howard* v. *State, ex rel.,* 10 Ind. 99.

The case of *Moser* v. *Long,* 64 Ind. 189, holds that the office of prosecuting attorney of a circuit court is one provided for by the constitution, which fixes the term of office at two years; and the Legislature can neither abolish the office nor abridge the term thereof.

In *State, ex rel.,* v. *Johnston,* 101 Ind. 223, which was also an information in the nature of a *quo warranto* filed by the appellant's relator, Howard, against the appellee, it is decided by the court that the General Assembly has the power, at its discretion, to divide a judicial circuit, at any time, during the terms of office of the judge and prosecuting attorney of such circuit, subject only to the restrictions that the Legislature can not, by any legislation, abridge the official terms of either of such officers, nor deprive either of them of a judicial circuit, wherein he may serve out the constitutional term for which he was elected. This ruling is upon the theory that it is declared and ordained otherwise in section 9, of article 7, of the State Constitution, section 169, *supra.*

In *Hoke* v. *Henderson* (N. C.), 25 Am. Dec. 675 (704), note 1, it is said: "It is without the power of the Legislature to indirectly abolish the office by adding the circuit of the incumbent to another then existing, and this even if it be within the power of the Legislature to create new

or alter old circuits, for that power must be so exercised as to leave the incumbent his office.''

That the framers of the constitution intended that there should be no abridgment of the term of office, as fixed by fundamental law, is indicated, also, by section 176, R. S. 1881, as follows: ''No person elected to any judicial office shall, during the term for which he shall have been elected, be eligible to any office of trust or profit, under the State, other than a judicial office.''

This section appears, in terms, to guarantee to a judicial officer his term as fixed by the constitution. *People, ex rel.,* v. *Bull,* 46 N. Y. 57; *People, ex rel.,* v. *McKinney,* 52 N. Y. 374 (378).

''But if the constitution provides for the duration of an office, the Legislature has no power, even for the purpose of changing the beginning of the term, to alter its duration. Where the constitution has created an office and fixed its term, and has also declared the grounds and mode for removal of an incumbent before the expiration of his term, the Legislature has no power to remove or suspend the officer for any other reason or in any other mode.'' 7 Lawson's Rights and Rem., p. 5970, paragraph 3797.

Judges of circuit courts can only be removed from office by the ordained constitutional provisions. *Lowe* v. *Commonwealth,* 3 Met. (Ky.) 237.

The constitutional provision, in respect to the terms and tenure of office (except as to duration or length of terms), and commissions of judges and the power of the Legislature to create new judicial districts, are substantially the same in Pennsyluania as in this State. The constitutional provision, in the former State, was construed in the *Commonwealth* v. *Gamble,* 62 Pa. 343.

In the opinion, *People, ex rel.,* v. *Dubois,* 23 Ill. 498 (547), is cited, in which the Supreme Court of Illinois

hold that, although the creation of new judicial districts was expressly authorized by the constitution, yet no new districts could be created by which the judge in commission could be deprived of a right to exercise the functions of his office during the continuance of his commission. The court said: "The question is, can the Legislature expel the circuit judge from his office by creating a new district, and taking from him the territory which constituted his district? The bare reading of the constitution must convince every one that it intended to prohibit such a proceeding." See, also, *State* v. *Messmore*, 14 Wis. 163.

In *Commonwealth* v. *Gamble*, *supra*, the following propositions are established: "A judge having been elected and commissioned is by the constitution to continue in office ten years, if he shall behave himself well; its duration is assured to him subject to be determined only by death, resignation or breach of the condition. Such breach can not be determined by the Legislature, but only on trial by the Senate on impeachment, or in case the breach amounted to total disqualification perhaps by address of two-thirds of each branch of the Legislature. A legislative act which impinges on the tenure of judges is invalid. The power and jurisdiction of a judge constitute the office, are of the essence of it, and inseparable from it. This grant of power is incapable of any limitation but that attached to it. The aggregate amount of the duties of a judge in any district may be diminished by the division of his district * * constitutional grants imply a prohibition of any limitation or restriction by legislative authority."

The Pennsylvania Legislature established the Twenty-Ninth Judicial District by the act of the 28th of February, 1868, under which James Gamble was elected and commissioned president judge of the district. By an act passed March 16th, 1869, the former act was repealed, and

the district was abolished. It is a well-recognized prin-ciple that the powers, authority, and jurisdiction of an office are inseparable from it. The Legislature may di-minish the aggregate amount of the duties of the judge, but must leave the authority and jurisdiction pertaining to the office intact. "I see not how, for another reason, that the commisson of a president judge could exist after the total abolition of his district. Every judge is elected in and for a district defined and fixed by law, and then he is commissioned, and is required, by the constitution, to reside within the district. It seems to me it would be a logical conclusion to hold that if no district exists to which the commission would apply, and in which the judge would be bound to reside, that there could not ex-ist a commission for any purpose. This, I think, would be the inevitable deduction from such premises; and it would therefore follow that if the Legislature could blot out a district, it could limit the duration of the commis-sion granted to a less period than ten years, if it might so choose. That it can not shorten the tenure of the of-fice of a judge, as fixed by the constitution, is certain, and this ought to establish that it can pass no act to do, by indirection, that which may not be done directly." "Notwithstanding the constitutional provisions referred to, the Legislature has not only attempted, by the act of assembly in question, to expel Judge Gamble from his district, but, in fact, has appointed other judges to hold the courts therein, who were neither elected nor commissioned for that purpose. The Legislature has, undeniably by this act of assembly, assumed the power of appointment and removal of the judge for this district. The act displaces Judge Gamble as the president judge, and appoints Judge White and his law associate to hold the court therein. If such a thing can be done in one district, it may be done in all, and thus not only would

The State, *ex rel.* Gibson, *v.* Friedley.

the independence of the judiciary be destroyed, but the judiciary, as a coördinate branch of the government, be essentially annihilated.''

Applying this reasoning and these fundamental principles to the case under consideration, we do not see how the constitutionality of the act of March 4, 1893, can be upheld as much as we may desire to do so, it being in the interest of economy and retrenchment in public expenditures. But it is enough for this case to say that it was not in force to abolish the Fifth Judicial Circuit of the State on the 1st day of August, 1893, and the Fifth Judicial Circuit, not being abolished by the act, is not attached to and made a part of the Fourth Judicial Circuit. The provisions of the act of March 4, 1893, changing the terms of court and the times of holding the same in the counties of Clark and Jefferson, are so interwoven with and dependent upon the other provisions therein that they do not have the effect of changing the terms of court, or the times of holding the same, as provided by law prior to March 4, 1893. In other words, the terms of court and times of holding the same, as fixed by the act in question, were not intended for the counties of Clark and Jefferson as constituting separate judicial circuits; but were intended for them when both these counties constituted the Fourth Judicial Circuit, as provided by the act.

Judgment affirmed.

Filed Sept. 27, 1893.