STATE EX REL. FREED *v.* MARTIN CIRCUIT COURT ET AL.

[No. 27,052. Filed May 17, 1938.]

*Carl M. Gray,* for appellant.

PER CURIAM—This is an original action in which it is alleged that the respondent judge assumed jurisdiction to direct and order the prosecuting attorney to approve an affidavit which was the basis of a criminal prosecution. A temporary writ issued.

A petition was filed in the court below asking an order directing the prosecuting attorney to sign and approve the affidavit in question. Respondent assumed jurisdiction to hear and pass upon the petition. The prosecutor filed an answer, asserting that the court had no power or authority to control the judgment of the prosecuting attorney in the matter, and he declined to approve the affidavit. It is alleged that the respondent judge ordered and directed the prosecuting attorney to sign the affidavit. This is denied, and there is some confusion as

to exactly what happened at the hearing, but the prosecuting attorney says that he understood he was ordered by the respondent to sign and approve the affidavit; that otherwise he would not have done so; and that, in his official judgment, then and now, the cause should not be tried or prosecuted. In view of these circumstances, it is unnecessary to determine what the respondent judge's intention was.

It is clear that the affidavit was approved under coercion, or what seemed to be coercion. The prosecuting attorney is a judicial officer, charged with the administration of justice. Criminal prosecutions cannot be instituted by private individuals. They may be initiated by grand jury indictment. Formerly the only other method was an information. For this latter procedure the Legislature substituted prosecutions by affidavit, approved by the prosecuting attorney. The public policy, evidenced by the requirement that the affidavit must be approved by the prosecuting attorney, is apparent in former statutes. Its purpose is to protect citizens against criminal actions until the charges are investigated and the prosecution approved by the officer who is by law vested with jurisdiction to act for the state. This officer is not the judge. It is the prosecuting attorney. Jurisdiction to approve, and thus make possible, the prosecution of criminal actions lies with the grand jury or the prosecuting attorney, and not elsewhere. *Lynn* v. *State* (1934), 207 Ind. 393, 193 N. E. 380. The respondent had no jurisdiction to entertain or pass upon the petition for an order requiring the prosecutor to approve the affidavit.

The temporary writ of prohibition heretofore issued is made permanent.