LAKE COUNTY PROPERTY OWNERS ASSOCIATION, ETC., ET AL. *v.* HOLOVACHKA, PROSECUTING ATTORNEY OF LAKE COUNTY.

[No. 29,156. Filed June 16, 1954. Petition to Reinstate denied October 4, 1954.]

L. L. *Bomberger*, *Guy M. Slaughter*, *George B. Hoff-*
*man*, *Jr.*, and *Bomberger, Morthland & Royce,* of coun-
sel, all of Hammond, for appellants.

*Albert H. Gavit,* of Gary, for appellee.

FLANAGAN, C. J.—Appellants filed their petition in
the Lake Criminal Court demanding the appointment
of a special prosecutor to investigate alleged irregular
activities of the regular prosecutor. Their demand was
denied. For the purpose of this opinion, the procedure
followed need not be detailed.

The Constitution of the State of Indiana provides
for prosecuting attorneys under the Judicial Branch
of Government. Art. 7, Sec. 11.

Clearly, they are officers of the court. It is the duty
of the courts to compel proper conduct on the part of
such officers. With that duty necessarily goes the right
to perform that function.

No court is ever closed to the voice of the citizenry.
Their suggestions and advice are always welcome. But,
if orderly society is to remain, decisions on such
suggestions and advice must be those of the
courts. As the family, the foundation of society,

seeks suggestions and advice, but in purely family matters must have the right to finally determine its own internal affairs, so must the judiciary seek suggestions and advice, but have the right to determine its own internal affairs.

It may be properly said, "But this affects the public." So do decisions within a home.

It must be clear that the determination as to whether a judge shall spank his prosecuting attorney must be left to the discretion of the judge. If he fails to do the job as the people want him to do it, they may remove him at the next election. In the meantime, they may petition, but they may not demand.

Appellants have appealed from the action of the trial court in refusing to grant their petition to appoint a special prosecutor. Appellee has moved to dismiss the appeal because appellants had no right of action to begin with, and therefore could have no right to appeal.

We agree with appellee.

Appeal dismissed.

Emmert and Gilkison, JJ., concur.

Bobbitt, J., concurs with opinion.

Draper, J., not participating.

## Concurring Opinion

Bobbitt, J.—I concur in the result reached in the opinion written herein by Chief Justice Flanagan for the reasons state in *State ex rel. Spencer* v. *Criminal Court Marion Co.* (1938), 214 Ind. 551, 556, 557, 15 N. E. 2d 1020, 1022, 1023, which are as follows:

"Inquisitorial powers are vested in the office of the prosecutor and in grand juries, and not in judges and courts. The statute authorizes courts

to appoint special prosecutors where the regular prosecutor does not attend at the term. In the early cases it was suggested that this power to appoint was inherent in the court, but, in the later cases, this view has been disapproved, and it has been thought that it arises rather by implication from the legislative appointive power expressly conferred. It cannot be doubted that, where it is established that the prosecuting attorney is an interested party, or otherwise clearly incapacitated, the court may appoint an attorney to represent the interests of the state. But this may not be done upon mere suspicion or rumor, and upon the mere ex parte motion of the judge, and the decisions disclose that in the cases where the appointment of a special prosecutor was upheld, the regular prosecutor had admitted disqualification or incapacity. The reasoning in the opinions would seem to clearly indicate that a special prosecutor may not be appointed to exercise the functions of the office over the objection of the regular prosecuting attorney, without a judicial determination of the fact of disqualification or interest after an opportunity for the regular prosecutor to be heard. It may not be done upon the mere suspicion of the judge that the prosecutor may not adequately and impartially perform his duties. *Dukes* v. *State* (1859), 11 Ind. 557; *Choen* v. *State* (1882), 85 Ind. 209; *Board of Com'rs* v. *McGregor* (1909), 171 Ind. 634, 87 N. E. 1; *State ex rel. Williams* v. *Ellis, Judge* (1916), 184 Ind. 307, 112 N. E. 98; *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209; *Perfect* v. *State* (1926), 197 Ind. 401, 141 N. E. 52; 28 C. J. 764-766; *State* v. *Flavin* (1915), 35 S. D. 530, 153 N. W. 296, Ann. Cas. 1918 A, 713; *State ex rel. Bingham, Atty.-Gen.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 105 N. E. 909; *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 401, 748; *State ex rel. Gibson, Judge* v. *Friedley* (1893), 135 Ind. 119, 34 N. E. 872; *Tull, Treas.* v. *State ex rel. Glessnern* (1884), 99 Ind. 238; *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097; *State ex rel. Freed* v. *Circuit Court of Martin County et al.*, 214 Ind. 152, 153, 14 N. E. 2d 910; *State ex rel. Egan* v. *Superior Court of Lake County et al.* (1937), 211 Ind. 303, 6 N. E. 2d 945."

## ON MOTION TO REINSTATE.

FLANAGAN, C. J.—On June 16, 1954, this court dismissed the above entitled appeal for the reason that the appellants had no right of action to compel the Lake Criminal Court to appoint a special prosecutor. See 233 Ind. 509, 120 N. E. 2d 263.

Appellants have filed here their petition to reinstate the appeal.

It has been suggested that if these good citizens who unite as appellants here cannot compel the appointment of a special prosecutor in this case, the people have been deprived of their rights to see the guilty brought to justice; that the courts have become a mockery; and one who is guilty of crime, however serious, may escape prosecution by becoming the prosecuting attorney; that the procedure attempted is not only the proper one, but the only one.

If such were true there would indeed be a tragic weakness in our judicial system. But such is not the case.

Our governmental structure is not built so weakly or so unwisely that the exclusive power to bring the guilty to justice is vested in any one single individual.

Perhaps the procedure attempted here might seem the easiest, the quickest, the most direct. But the easy, the quick, the most direct methods of obtaining desired results are characteristics of the police state, not the republic. Proper procedure has become proper procedure through the refinement of ages of experience, and must be followed even though improper procedure seems more expedient at the moment.

This court did not decide that a person guilty of crime becomes immune from prosecution upon becoming prosecutor. We decided only that the procedure attempted here is not the proper procedure.

Let us examine the situation.

A special prosecutor is demanded in this case to do two things: (1) To investigate certain specified acts of the prosecutor, before he occupied that office, for the purpose of determining whether those acts were criminal, and (2) if such acts, or any of them, be found to constitute crime, to prosecute the approprite criminal actions.

As to the investigation, if any were required, a mediocre knowledge of our government would point out the many investigating officers and agencies available

But it appears from the petition that no investigation is needed. As counsel for appellants point out in their brief, the investigation has been fully made, and the petition recites "the times, the place, and the overt acts."

With the facts all gathered and detailed, certainly appellants' able counsel can determine whether they violate any criminal statutes. If they do, the entire matter is to the point of filing formal charges.

It is the function of this court to decide the specific question presented to it. That we have done. It is not our function to instruct as to what procedure should be followed. We do not here say what should be done or how it should be done. However, in view of the suggestion that our decision has closed the only course of procedure, we point out that proper avenues do exist.

The alleged felonious conduct of the present prosecutor has to do with the Indiana Securities Law and the laws relating to public contracts. Appellee has pointed out that in each case the specific authority to prosecute is given by statute to the Attorney General of the State of Indiana. Burns' 1948 Replacement, §25-830; Burns' 1951 Replacement, §§60-232, 60-233. This

appellants have not denied nor, so far as the record here shows, pursued. It may also be noted that we still have the grand jury system in Indiana. We only illustrate the number of proper avenues waiting to be traveled.

Appellants are not without remedy. But the proper procedure must be followed. None of us can insist upon doing things the improper way just because we prefer to do them that way and ignore the proper ways that are open and available to us.

Petition to reinstate appeal denied.

Bobbitt, Emmert, and Gilkison, JJ., concur.

Draper, J., not participating.

NOTE.—Reported in 120 N. E. 2d 263, On petition to reinstate, 121 N. E. 2d 721.