STATE EX REL., PALMER ET AL. *v.* CIRCUIT COURT OF HENDRICKS COUNTY, GROOVER, JUDGE.

[No. 30,427. Filed September 23, 1963.]

298

*M. Dale Palmer,* Prosecuting Attorney for 55th Judicial Circuit, of Danville, *Noble R. Pearcy,* Prosecuting Attorney of 19th Judicial Circuit and *Frank E. Spencer,* both of Indianapolis, for relators.

*Robert Hollowell,* of Indianapolis, for respondent.

ACHOR, J.—This is an original action wherein the relators asked this court to issue an alternative writ of mandate against the respondent herein. An alternative writ was issued.

The factual situation here involved is as follows:

One Everett Lewis Thomas entered a plea of guilty in the respondent court to the charge of second degree burglary. Thereupon the court entered an order by which he committed Thomas to the custody of the Board of Trustees of the Indiana Reformatory for a period of not less than two or more than five years, which order of commitment the respondent court, however, suspended by the following entry:

> "The sentence of commitment to the Indiana Reformatory is suspended during good behavior of defendant and under condition that he report to this court immediately upon determination of Sodomy charge pending in Marion County and payment of costs is stayed until further order of court."

The relators assert their right to relief in mandamus on the following two grounds: First, that the court

had no jurisdiction to suspend a sentence for burglary, by reasons of the expressed exception against such suspension of sentence, as contained in Acts 1945, ch. 50, §1, p. 104, being §9-2209, Burns' 1956 Repl., and, secondly, that even though the court may have had a right to suspend the sentence by reason of Acts 1941, ch. 148, §4, p. 447, being §10-701, Burns' 1956 Repl., nevertheless, under the statute, the court was limited in its authority to suspend such sentence for the grounds recited in §9-2209, *supra,* and not for any other reason.

We first consider relators' contention that the trial court was without authority to suspend sentence for the crime of burglary, with which we are here concerned.

The jurisdiction of the several circuit and criminal courts of the state is, under the constitution, prescribed by the legislature. Article 7, §§1 and 8, Indiana Constitution.

Furthermore, it is clear that the statute [§9-2209, *supra*], upon which the relators rely, provides that, upon conviction, such courts shall have the power to suspend sentence for reasons provided in the statute, *except for the crime of burglary,* and certain other enumerated crimes. Specifically, the statute provides as follows, in part:

"The several circuit and criminal courts and the city and municipal courts in the cities of the first and second class of this state, shall have power, in any case where any person shalll have been convicted of a felony or misdemeanor, or shall have entered his plea of guilty to a charge of a felony or misdemeanor, upon the entry of judgment of conviction of such persons, to suspend such sentence and parole such person, by an order of such court, duly entered of record as a part of the judgment of the court in such case, *except the*

*crimes of* murder, arson, *burglary*, rape, treason, kidnapping, and a second conviction for robbery whenever such court, in the exercise of its judgment and discretion, shall find and determine that such person has committed the offense for which he or she has been convicted under such circumstances as that, in the judgment of such court, such person should not suffer the penalty imposed by the law for such offense if he or she shall thereafter behave well, or whenever such court shall find and determine that by reason of the character of such person or the facts and circumstances of such case, the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he or she shall thereafter behave well: Provided, That the court may not suspend the execution of sentence after the defendant shall have commenced to serve his sentence of imprisonment. . . . " [§9-2209, Burns' 1956 Repl.] [Our italics.]

Clearly, under this statute, standing alone, in event of a conviction for the crime of burglary, the court had no authority to suspend the sentence for this conviction. However, relators concede that, under Acts 1941, ch. 148, §4 [§10-701], *supra*, providing for burglary in the second and third degrees, the court was vested with the right to suspend sentence for such crimes and to place the defendant on parole.[1]

---

1. "10-701 [Burns' 1956 Repl.] Burglary—First, second, and third degrees—Penalties.—

"(b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: *Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law.*" [Our emphasis.]

However, relators argue that, because §9-2209, *supra,* was last amended in 1945, after enactment of §10-701, *supra,* in 1941, the later enactment is controlling, and, since this enactment makes no provision for the suspension of a sentence for burglary, whether in the first, second, or third degree, it must be considered that the authority to suspend sentence for the crime of burglary no longer exists.

However, this contention of the relators cannot be sustained, in the light of the legislative history of the act. Section 9-2209, *supra,* was first enacted in 1907. It was amended in 1927. It was re-enacted in 1945, with a single amendment by which the salary of the probation clerks was increased from $1,200 to $2,100 per annum. Otherwise, it was merely a re-enactment of said section as it existed since 1927.

It is a fundamental rule of statutory construction that where a later statute re-enacts the provisions of an earlier statute, it does not repeal or change the effect of an intermediate act which has qualified or limited the earlier enactment. Rather, the intermediate act will be deemed to remain in force and to qualify or modify the new act, in the same manner as it did previously. This court considered the present question in the case of *Public Service Commission et al.* v. *City of Indianapolis et al.* (1922), 193 Ind. 37, 49, 137 N. E. 705. In that case this court stated:

" . . . And where a later statute merely re-enacts the provisions of an earlier one, it does not repeal an intermediate act which has qualified or limited the earlier one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first. 1 Sutherland, Statutory Construction (2d Ed.) §273; Endlich, Interpretation Statutes §194."

See also: *City of New Albany* v. *Lemon et al.*
(1926), 198 Ind. 127, 137, 149 N. E. 350, 152
N. E. 723.

We conclude, therefore, that the respondent had jurisdiction to act upon the question of suspending the sentence of Thompson for second degree burglary.

Next, we consider relators' second contention that even though Thomas was convicted of the charge of second degree burglary and therefore that the court had the "power to suspend prison sentence and place defendant on probation in accordance with existing law [§10-701 (b), *supra*]," the jurisdiction to do so was conditioned upon his first making a finding and determination that (1) "he or she has been convicted under such circumstances as that, in the judgment of such court, such person should not suffer the penalty imposed by the law for such offense if he or she shall thereafter behave well, . . . " or that (2) "by reason of the character of such person or (3) the facts and circumstances of such case, the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he or she shall thereafter behave well." [§9-2209, *supra.*]

On the other hand, respondent contends that after the enactment of §10-701 in 1941, section 9-2209 had no application to the suspension of sentence and the granting of parole as to second and third degree burglary and, therefore, that the limitations of §9-2209 are not to be considered in a determination of this case. Respondent asserts further, that the proviso of clause "(b)" in §10-701, *supra*, is controlling, which clause, as heretofore noted, provides in part:

" . . . That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

Respondent contends that the expression "in accordance with existing law" refers only to the phrase "place the defendant on probation," which immediately precedes it; which latter phrase, respondent contends, refers exclusively to the probation statute, Acts 1927, ch. 210, §§3-6, p. 594 [with subsequent amendments thereto], being §§9-2211—9-2214a, Burns' 1956 Repl. Therefore, respondent insists that the phrase in §10-701, *supra*, "place the defendant on probation in accordance with existing law," has no reference to that portion of §9-2209, above quoted.

We cannot agree with the above contention. Section 9-2209, *supra*, is a part of the body of law relating to *suspension of sentence and probation*. It was a part of the "existing law" at the time §10-701 was enacted. Therefore, the action of the court must be considered in the light of this provision, which specifically provides that, upon conviction, after finding a defendant guilty, the judge, before entering a decree suspending sentence for such crime, must make a finding and determination stating one of the reasons specified in the statute as grounds for suspending the sentence and placing the accused under probation. This the respondent did not do.

Respondent further contends, however, that the granting of a suspended sentence and the placing of a guilty party on probation is discretionary with the court, and, therefore, since this action falls within the jurisdiction of the court the relief, if any, available to the state is by appeal because of an abuse of that discretion, and not by writ of mandamus filed in this court. Numerous authorities are cited for the proposition that this court will not issue a writ of mandate or prohibition where there is jurisdiction in

the trial court to act and the error of the court is only one of an abuse of discretion.

Under ordinary circumstances respondent's position in this respect would be well taken. However, under the peculiar circumstances with which we are confronted, we know of no basis whereby the state could appeal from the action of the trial court in suspending sentence and placing a convicted defendant on probation. The only remedy available to the state which has come to our attention is to insist that the judge follow the statute which prescribes its jurisdiction and, before suspending the sentence of a person convicted of a crime, make a finding and determination stating his reasons within the limitations of the statute.

In a previous decision, this court held that a writ of mandate will lie against a respondent judge who fails to follow the statute by requiring and receiving a precommitment report by a probation officer before imposing sentence. *Ware* v. *State* (1963), 243 Ind. 639, 189 N. E. 2d 704. For a very analogous reason, we are convinced that the trial judge may properly be required by writ of mandamus to state his reason for suspending sentence and granting a parole, according to the express provisions of the statute, before taking such action.

For the reasons above stated, the alternative writ of mandate hereinbefore issued is modified, and the respondent is now ordered to vacate that part of his entry of May 9, 1963:

" . . . [T]hat for the offense by him committed he be, and hereby is, committed to the custody of the Board of Trustees of the Indiana Reformatory to be confined by them for a period of not less than two nor more than five years and that he pay costs herein, or stand committed until costs are paid or stayed.

"The sentence of commitment to the Indiana Reformatory is suspended during good behavior of defendant and under condition that he report to this court immediately upon determination of Sodomy charge pending in Marion County and payment of costs is stayed until further order of court."

And the court is further directed to restate its order of commitment in a manner consistent with this opinion.

Myers, C. J., Arterburn & Landis, JJ., concur.

Jackson, J., concurs in the opinion as to relators' first contention and dissents as to the conclusion reached with regard to relators' second contention.

NOTE.—Reported in 192 N. E. 2d 625.