Annetta M. **SCHWEITZER,**
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 32A05–9805–CR–251.

Court of Appeals of Indiana.

Oct. 14, 1998.

Transfer Denied Dec. 3, 1998.

---

William D. Hall, Greenwood, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rosemary Borek, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Senior Judge.

Appellant-defendant Annetta Schweitzer appeals from her conviction for criminal deviate conduct, as a Class A felony. The facts relevant to this appeal are presented below.

On September 25, 1986, Schweitzer was convicted of criminal deviate conduct, as a Class A felony, and neglect of a dependent, as a Class B felony. The supreme court

affirmed Schweitzer's criminal deviate conduct conviction but vacated her conviction for neglect of a dependent. *Schweitzer v. State,* 531 N.E.2d 1386, 1389 (Ind.1989). On November 26, 1986, the trial court sentenced Schweitzer to 50 years' imprisonment for the criminal deviate conduct conviction. On July 26, 1989, the trial court granted Schweitzer's petition to reduce her sentence to 20 years. This sentencing order was later vacated because Schweitzer had failed to file her petition within 180 days after she began serving her sentence; IND. CODE § 35–38–1–17 provided that any sentence modification sought after this 180–day deadline was subject to prosecutorial consent, which was not granted in Schweitzer's case.[1] On July 1, 1997, Schweitzer filed another petition to modify her sentence, which was again opposed by the State; the trial court consequently denied Schweitzer's motion on January 30, 1998. Schweitzer now appeals.

Schweitzer presents three issues for review, which we have consolidated and restated as follows:

(1) whether IND. CODE § 35–38–1–17 conflicts with Sections 16 and 18 of Article I of the Indiana Constitution; and

(2) whether the trial court erred in ruling that it had no jurisdiction on Schweitzer's motion for sentence modification.

■ Schweitzer argues that Article 1 §§ 16 and 18 of the Indiana Constitution, when read together, require the criminal justice system to provide a defendant with "an opportunity for rehabilitation where reasonably possible." *Fointno v. State,* 487 N.E.2d 140, 144 (Ind.1986). Schweitzer further contends that a defendant's right to rehabilitation cannot be subject to any time restrictions, and that IND. CODE § 35–38–1–17 unconstitutionally limits this right by requiring prosecutorial consent for a sentence modification after a defendant has served 365 days of her sentence. Schweitzer character-

izes this 365–day deadline as arbitrary and contrary to law.

■ When evaluating a statute that allegedly violates the Indiana Constitution, this Court's standard of review is well-established: every statute is presumed to comport with the Constitution until clearly overcome by a contrary showing. *Boehm v. Town of St. John,* 675 N.E.2d 318, 321 (Ind.1996). "The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party." *Id.* The constitutionality of IND. CODE § 35–38–1–17 was previously challenged in *Beanblossom v. State,* 637 N.E.2d 1345 (Ind. Ct.App.1994), *trans. denied.* In *Beanblossom,* this Court held that IND. CODE § 35–38–1–17 does not violate Article 3 § 22 and Article 7 § 1 with respect to separation of powers and judicial powers, nor does it violate a defendant's rights to due process, equal protection of the laws, and equal access to the courts. *Id.* at 1347–1349. Schweitzer strenuously disagrees with *Beanblossom's* holding and instead advances arguments based upon her reading of *Fointno.*

IND. CODE § 35–38–1–17 reads in relevant part as follows:

**35–38–1–17 Reduction or suspension of sentence**

Sec. 17(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and

---

1. The 180–day time limit mandated in IND. CODE § 35–38–1–17 was changed to 365 days by P.L. 240–1991 (ss2) § 92. Because both of Schweitzer's petitions for sentence modification were filed more than 365 days after she began

serving her sentence, we need not determine which version of the statute should apply in this case and merely refer to the current version for purposes of discussion.

after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. The court must give notice of the order to reduce or suspend the sentence under this section to the victim (as defined in IND. CODE § 35–35–3–1) of the crime for which the defendant is serving the sentence.

Article 1 § 16 of the Indiana Constitution reads as follows: "Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. All penalties shall be proportioned to the nature of the offense." Article 1 § 18 provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice."

As previously noted, Schweitzer's arguments hinge upon the constitutional requirement that Indiana's criminal justice system must provide defendants with an opportunity for rehabilitation "where reasonably possible." *Fointno*, 487 N.E.2d at 144. Schweitzer's reliance on *Fointno* is misplaced: the supreme court addressed the issue of a manifestly unreasonable sentence in that case, not the reduction or suspension of a sentence already imposed as in the case at bar. The State argues, and we agree, that Schweitzer "erroneously equates opportunities for rehabilitation with opportunities for sentence modification." The record furnishes ample evidence that Schweitzer has been offered and has taken full advantage of numerous opportunities for rehabilitation while incarcerated.

Schweitzer repeatedly asserts that Article 1 §§ 16 and 18 mandate an opportunity for a defendant's rehabilitation "with no time limits" and attempts to link this assertion to the sentence modification provisions under IND. CODE § 35–38–1–17 without citing any relevant authority. The statute's 365–day time limit applies strictly to a trial court's unfettered authority to modify a defendant's sentence, not to the extinguishing of a defendant's rehabilitation rights. Nowhere in her brief does Schweitzer explain or support her implied assertion that a defendant's release from incarceration is equivalent to rehabilitation, particularly with respect to *Fointno* and

IND. CODE § 35–38–1–17. Furthermore, Schweitzer baldly accuses the prosecutor in this case of engaging in "vindictive justice" and fails to cite any convincing authority for her claim that the prosecutor's denial of her sentence modification unconstitutionally infringes upon her right to rehabilitation.

■ As fervently as Schweitzer argues that this Court's holding in *Beanblossom* does not apply to the facts of her case, a careful reading of the issues raised in her brief would indicate otherwise. The trial court reached the same conclusion after considering Schweitzer's motion to modify sentence. Schweitzer's arguments focus most heavily upon a prosecuting attorney's prerogative to approve or deny a defendant's sentence modification after the 365–day time limit expires under IND. CODE § 35–38–1–17; these arguments strongly echo the separation of powers issue addressed in *Beanblossom*. A trial court has no inherent authority over a defendant after pronouncing sentence. *Beanblossom*, 637 N.E.2d at 1348. Furthermore,

> [t]he legislature was free, through the statute, to give the trial court authority to render a modification of the sentence with whatever conditions and within whatever time it deemed appropriate. The legislature chose to subject the authority to reduce or suspend a sentence to the approval of the prosecuting attorney if 365 days had passed. Even though the authority to modify is subject to such a condition, the statute does not take judicial power away from the trial court and give it to the prosecuting attorney. The statute gives the sentencing court authority, subject to certain conditions, to change the sentence of the defendant after the court has pronounced sentence and after the defendant has begun to serve that sentence. In other words, the statute gives the court authority it does not otherwise have and does not transfer power between branches of government. The scheme therefore does not violate the separation of powers.

*Id.*

The legislature's determination of the 365–day time limit is neither arbitrary or unreasoned, nor does it violate equal protection of

the laws. *Id.* "The statute treats equally those prisoners who are similarly situated." *Id.* Schweitzer argues that defendants who are unable to rehabilitate themselves within the 365–day period will be adversely affected because their motions for sentencing modification will be denied by the prosecuting attorney. We note that no "fundamental right to liberty is at stake here, and the rational basis test is therefore applicable." *Id.* The State must balance the considerations of encouraging prisoner rehabilitation against the dangers of prematurely releasing them upon society, in addition to promoting the finality of judgments and an "ordered procedure for the modification of sentences." *Id.* at 1348–1349. The distinctions IND. CODE § 35–38–1–17 draws between time periods are legitimate and have a rational basis and therefore do not offend equal protection. *Id.* at 1348. If Schweitzer believes that the current 365–day time limit is too restrictive or that sentences should be reviewed without being subject to the approval of the prosecuting attorney, she should address her concerns to the legislature. *Id.*

■ Because Schweitzer's claim of unconstitutionality is without merit, we need not address her severability arguments with respect to IND. CODE § 35–38–1–17. We need only determine whether the trial court erred in ruling that it had no jurisdiction to grant Schweitzer's motion for sentence modification. After issuing a final judgment, a court retains only such continuing jurisdiction permitted by the judgment or granted to the court by statute or rule. *Id.* at 1347. Upon expiration of the 365–day limit outlined in IND. CODE § 35–38–1–17, "notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant insofar as the alteration of his sentence is concerned." *Id.* If the prosecuting attorney should acquiesce in the motion for sentence modification under subsection (b) of the statute, the decision to grant or deny the motion is within the trial court's discretion; if the prosecuting attorney should oppose the motion for sentence modification, the trial court lacks authority to modify the sentence. *Sanders v. State,* 638 N.E.2d 840, 841 (Ind. Ct.App.1994). Therefore, the trial court did not err in ruling that it had no jurisdiction on

Schweitzer's motion for sentence modification.

The judgment of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

I view the issue before us as whether sentence modification may be granted notwithstanding the passage of 365 days from the date the defendant began serving her sentence and notwithstanding the prosecutor's refusal to show confidence in the defendant's demonstrated rehabilitative achievements by insisting that she execute the full sentence originally imposed.

This insistence would seem to carry with it a harshness (in light of present circumstances) more akin to retribution and vindictive punishment rather than a recognition of factual rehabilitation. Here, it is uncontroverted that the trial court thought it clear that Schweitzer had been rehabilitated to the extent that sentence modification was appropriate and that such modification would have been ordered were it not for the lack of consent from the prosecutor.

The trial court was, therefore, clearly correct in defining the issue as one of constitutional proportions *vis-a-vis* the legislative provision for a prosecutorial veto over the exercise of what would appear to be an otherwise discretionary act of the judiciary. To the extent that *Beanblossom v. State* (1994) Ind.App., 637 N.E.2d 1345, *trans. denied,* expresses the view that sentencing modification authority is not made subject to the prosecutor's veto, I disagree.

Under the *Beanblossom* analysis and a literal construction of the statutory language, by approving a proposed sentence modification after expiration of 365 days, the prosecutor confers jurisdiction upon the trial court where it would not otherwise lie. This does indeed seem to me to transfer the power to confer jurisdiction from the legislative branch to the executive branch in violation of

Art. 3, § 1 of the Indiana Constitution.[1] In this regard, it is noted that Art. 7, § 8 of the Constitution provides that the state trial courts of general jurisdiction "have such civil and criminal jurisdiction as may be prescribed by law." Thus, the General Assembly controls the jurisdiction of trial courts. *State ex. rel Palmer v. Circuit Court of Hendricks County* (1963) 244 Ind. 297, 192 N.E.2d 625.

I further observe that county prosecutors are part of the executive branch of government. To be sure, the county prosecutor is considered a judicial officer. *State ex rel. Williams v. Ellis* (1916) 184 Ind. 307, 112 N.E. 98. However, the terminology is used in the sense that it is the prosecutor who is charged with the administration of justice. *State ex rel. Freed v. Martin County Circuit Court* (1938) 214 Ind. 152, 14 N.E.2d 910. Thus, while the prosecutor is considered a judicial officer in the sense that he is an officer of the court in prosecuting offenses before the court, he is not a member of the judicial branch of government by virtue of that office. Rather, he is a member of the executive branch of government. This is so, because he represents the executive in the enforcement of the criminal laws of the state. *Dickerson v. State* (1982) Ala.Cr.App., 414 So.2d 998; *State v. Winne* (1953) 12 N.J. 152, 96 A.2d 63; 27 C.J.S. *District and Prosecuting Attorneys* § 1 (1959). See also *State v. Dedman* (1982), 230 Kan. 793, 640 P.2d 1266. This concept is found within the law of Indiana, which recognizes the separation between the courts and the prosecutor. *See*, e.g., *Meyers v. State* (1977) 266 Ind. 513, 517, 364 N.E.2d 760, 763 ("It is the function of the prosecuting attorney, not the court, to investigate crimes and bring criminal charges."); *Tinder v. Music Operating, Inc.* (1957) 237 Ind. 33, 142 N.E.2d 610 (courts may enjoin acts of prosecutor where property rights are threatened), *reh'g denied.*

Nevertheless, in the case before us, Schweitzer does not request us to revisit the separation of powers constitutional issue.

Had she done so, I would vote to reverse. Be that as it may, the constitutional challenge here is confined to Article 1, § § 16 and 18.

Appellant's argument has more than a semblance of merit insofar as it categorizes the statute as one which assumes that all incarcerated persons will be able to demonstrate the requisite degree of rehabilitation within the same 365 day time frame. Obviously, persons react to positive and rehabilitative influences at different rates, depending upon their respective backgrounds, personalities and mental capabilities, as well as upon the quality and quantity of rehabilitative programs provided. When this seemingly arbitrary, but not *per se* invalid, time constraint is coupled with the absolute veto power vested in the prosecutor, it would appear to violate the constitutional mandate found in Art. 1, § 18, that our penal code be based on "principles of reformation." In this regard, I reiterate my disagreement with the court's analysis in *Beanblossom.*

However, I must acknowledge that the seemingly arbitrary 365 day time limitation has the effect of conferring an arguably appropriate degree of finality to sentences imposed, unless the prosecutor consents to a modification. It therefore requires a unanimous agreement for modification between and among the defendant, the court and the prosecutor. I am unable to conclude that this limitation upon trial court discretion is unconstitutional within the framework of the two constitutional provisions relied upon by Schweitzer. Although a different statute might achieve a more salutary result with respect to recognition of rehabilitation fully accomplished, that is a matter of policy constitutionally left to the legislature. In this sense, then, I agree with the suggestion in *Beanblossom* that the new arguments made here by Schweitzer, as were the arguments made by Beanblossom, are best made to the General Assembly.

---

1. The *Beanblossom* case, *supra*, 637 N.E.2d at 1346, inexplicably holds that the sentence modification statute in question does not violate "Article 3, § 22" or Article 7, § 1. Because there is only one section to Article 3, I can only conclude that the decision referred to § 1, the separation of powers provision. In any event, as set forth above, my view is strongly contrary to the reasoning and holding set forth in *Beanblossom.*

In conclusion, I must join the majority in rejecting Schweitzer's argument that the statute in question denies the opportunity for rehabilitation and reformation which is the cornerstone of the provision of Article 1, § 18.

During her incarceration, Schweitzer has made extraordinary progress towards becoming a productive member of society. She has dramatically improved her mental and physical well-being through education, religious and community pursuits.[2] Incarceration of persons in general, and certainly that of Schweitzer in particular, is not inconsistent with the purpose or the reality of rehabilitation. To the contrary, Schweitzer's rehabilitation might well not have occurred but for her imprisonment and the wide range of programs, activities and direction provided by the Indiana Women's Prison. Therefore, incarceration does not run afoul of the principle that our criminal justice system is based upon rehabilitation, where possible. *Fointno v. State* (1986) Ind., 487 N.E.2d 140.

Subject to the observations above set forth and subject to my disagreement with the underlying premises of *Beanblossom v. State, supra,* I concur in the decision of the majority.

---

**2.** The trial court made the following findings when Schweitzer's first sentence modification from 50 to 20 years was entered on July 26, 1989:

"2. Since her incarceration at the Indiana Women's Prison, [Schweitzer] has received high performance evaluations. She is described by the prison officials as being diligent and conscientious.

\* \* \* \* \* \*

4. While incarcerated [Schweitzer] has completed an Office Skills Business Program and two years of accounting. She has also studied typing and is now studying shorthand. In addition, [Schweitzer] has completed some college correspondence courses and is presently enrolled in the Martin Center College Program at the Women's Prison. [Schweitzer] has received straight A's in subjects that include English Composition, English Literature, Math, Fine Arts, Business and Biology. In February 1989, [Schweitzer] received one of the Indiana State Vocational Educational Achievement Awards of Excellence.

5. [Schweitzer] has been very active in the religious programs at the Women's Prison. She has served on the Chaplin's Advisory Council, attends Bible study groups and participates in the church choir." Appellant's brief at 5.