**VAC–AIR, INC., Plaintiff,**

**v.**

**JOHN MOHR & SONS, INC., Defendant.**

**No. 70–C–535.**

United States District Court,
E. D. Wisconsin.

June 14, 1971.

---

Ronald E. Barry, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, by Joseph A. Gemignani, Milwaukee, Wis., Keith Kulie, Chicago, Ill., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved for an order to strike the defendant's answer and counter-claim because of the defendant's failure to answer the plaintiff's interrogatories within the time limits specified in Rule 33(a), Federal Rules of Civil Procedure.

■ There have been three specific deficiencies on the part of the defendant in this action which warrant imposition of stringent sanctions pursuant to Rule 37, Federal Rules of Civil Procedure.

First, the defendant failed to file a timely answer to the complaint in violation of Rule 12(a), Federal Rules of Civil Procedure. The court granted the plaintiff's formal motion for a default judgment but permitted the judgment to be vacated upon the defendant's paying to the plaintiff the sum of $200.00 as costs and attorneys' fees and serving an answer within one week thereafter.

Second, the defendant failed to respond timely to interrogatories which the plaintiff sent to defendant's counsel on March 4, 1971. Under 33(a), Federal Rules of Civil Procedure, the answers to such interrogatories were due in 30 days. The instant motion was filed on April 14, 1971, after the defendant had failed to serve the required answers. Although no enlargement of time was authorized by the court under Rule 33(a), the defendant's answers were not submitted by the defendant until approximately one month after they were due.

The third deficiency on the part of the defendant was its failure to respond to the briefing schedule established by this court in connection with the plaintiff's motion to strike the answer and counter-claim. On April 16, 1971, all counsel were notified that the movant's brief was to be filed on May 7, 1971, and that the defendant was to file a responsive brief by May 27, 1971. The plaintiff's brief was submitted before May 7, 1971, but no answering brief has been received to this date from the defendant.

Rule 37(d) gives the court authority to impose sanctions upon a litigant who disobeys or ignores the court's rules and orders. Although the granting of the plaintiff's motion includes the entry of a default judgment against the defendant, I believe that justice requires such result. The facts recited above are sufficient to warrant it; in addition, at a status report hearing held in the courtroom on February 4, 1971, both parties were expressly directed by the court to complete their discovery by June 1, 1971. Thus, the defendant's delinquencies have not only been in violation of the Federal Rules, but they have also aborted this court's effort to process this case in a reasonably expeditious fashion.

It was the plaintiff's right to obtain prompt discovery information, and it was also the plaintiff's duty to do so under the court's instruction of February 4, 1971. On the other hand, the defendant not only ignored its responsibility under Rule 33(a), it even failed to answer the interrogatories until long after the plaintiff had brought the instant motion.

I have considered the advisability of simply assessing "reasonable expenses or attorneys' fees" against the defendant by reason of its failures. Under all the circumstances, I deem it the more prop-

**510**

er exercise of discretion to grant the plaintiff's motion and to strike the de-United States v. 3963 Bottles More or Less, 265 F.2d 332 (7th Cir. 1959); United States for Use of Weston & Brooker Company v. Continental Casualty, 303 F.2d 91 (4th Cir. 1962); Brookdale Mill, Inc. v. Rowley, 218 F.2d 728 (6th Cir. 1954). I conclude that the plaintiff's motion should be granted under both Rule 37(d) and Rule 37(b) (2) (C).

Now, therefore, it is ordered that the defendant's answer and counter-claim be and hereby are stricken, and that the plaintiff is entitled to a default judgment upon its complaint.

It is also ordered that the plaintiff is entitled to a permanent injunction against infringement by the defendant of patent number 3,527,018, and that further ex parte proceedings be held upon the plaintiff's application to determine the damages, if any, sustained by the plaintiff.

It is further ordered that this is not an exceptional case within the meaning of 35 U.S.C. § 285, and the plaintiff is not entitled to an award of attorneys' fees.