**VAC–AIR, INC., Plaintiff,**

v.

**JOHN MOHR & SONS, INC., Defendant.**

**No. 70–C–535.**

United States District Court,
E. D. Wisconsin.

Aug. 31, 1971.

Ronald E. Barry, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, by Joseph A. Gemignani, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On June 14, 1971, this court ordered that the answer and counterclaim of the defendant, John Mohr & Sons, Inc., be stricken and default judgment be awarded to the plaintiff, 52 F.R.D. 508. Subsequently, this court awarded damages to the plaintiff following an ex parte hearing. The sanctions authorized by Rule 37(d), Federal Rules of Civil Procedure, were deemed appropriate due to the defendant's repeated disregard of both the Federal Rules and this court's explicit orders.

There were three instances on the part of the defendant which warranted the imposition of these sanctions. First, the defendant failed to file a timely answer to the complaint as required by Rule 12(a), Federal Rules of Civil Procedure. The court granted the plaintiff's formal motion for default judgment after finding inexcusable neglect on the part of the defendant's counsel; later the court permitted the judgment to be vacated upon defendant's payment of $200.00 to the plaintiff as costs and attorney's fees, and upon its serving the answer within one week thereafter. Secondly, the defendant failed either to respond timely to the plaintiff's interrogatories or to request an enlargement of time in which to respond as provided by Rule 33(a), Federal Rules of Civil Procedure. In fact, the answers were not served until approximately one month after they were due, and after the plaintiff had filed his motion to strike the answer and counterclaim for failure to answer the plaintiff's interrogatories. Thirdly, although the court established a briefing schedule in connection with the motion, no brief or other communication was received from the defendant.

The defendant has now moved the court to vacate its order of June 14, 1971 and to reinstate the case on its trial calendar. In support of this motion, the defendant argues that the lack of diligence was due solely to the ill health of non-resident counsel, a lone practitioner, who was busy with other legal matters. The defendant also urges that the plaintiff was not prejudiced by the delay.

The court is mindful of the desirability of resolving disputes upon

their merits rather than upon technicalities. However, when there has been a pattern of abuse of both the Federal Rules and this court's orders, the sanctions authorized by Rule 37(d), Federal Rules of Civil Procedure, may be invoked. If this is not done in a proper case, the Rule is rendered ineffectual. Fond Du Lac Plaza, Inc. v. Reid, 47 F. R.D. 221 (E.D.Wis.1969).

I remain convinced that the dilatory conduct of the defendant was not excusable. Flett v. W. A. Alexander & Co., 302 F.2d 321 (7th Cir. 1962). Under the local rules of this court, the defendant was obliged to have a member of the bar of this court appear of record. The rationale for this rule is to provide convenient service of process to the contesting parties and to afford the stranger-litigant protection from ignorance of court rules and practices which might be unfamiliar. Presumably, such local counsel will be familiar with the court's procedure. Accordingly, local counsel may be held responsible for the conduct of the litigation; any lesser duty would dispense with the need for local counsel.

Although the defendant's out-of-district counsel may have suffered from ill health during the periods here in question, there has been active participation in this case by local counsel. At all times subsequent to the appearance of local counsel, all communications to and from the court were directed to his attention. Further, local counsel prepared the 33 interrogatories which were submitted to the plaintiff on March 10, 1971. The only transaction of record in which local counsel did not participate was at the taking of the depositions of Messrs. Kraft and Hansen on May 5, 1971, when non-resident counsel represented the defendant.

With regard to the defendant's contention that there has been no actual prejudice to the plaintiff, I find that this position is without merit because the cumulative effect of the repeated delays by the defendant acted to prevent conscientious discovery as well as the early disposition of the dispute. United States for Use of Weston & Brooker Co. v. Continental Casualty Company, 303 F.2d 91 (4th Cir. 1962). In my opinion, the defendant's conduct has impeded and frustrated the plaintiff in its investigation and presentation of his case. Accordingly, I conclude that the entry of the default judgment was proper. Fond Du Lac Plaza, Inc. v. Reid, supra.

Therefore, it is ordered that the motion to vacate the judgment be and hereby is denied.