**VAC–AIR, INC., a corporation of Wisconsin, Plaintiff,**

v.

**JOHN MOHR & SONS, INC., an Illinois corporation, Defendant.**

**No. 70–C–535.**

United States District Court,
E. D. Wisconsin.

Oct. 1, 1971.

Ronald E. Barry, Milwaukee, Wis., for plaintiff.

Richard A. McDermott, Milwaukee, Wis., for defendant.

ORDER

MYRON L. GORDON, District Judge.

On July 6, 1971, this court entered an order granting the plaintiff's motion for a default judgment in the above-entitled action. Shortly afterward, the defendant moved for an order vacating the default judgment; such motion was denied

by this court on August 31, 1971, 53 F.R.D. 319. The defendant since has moved for an order, pursuant to Rule 4 (a), Federal Rules of Appellate Procedure, for an order enlarging the time to October 29, 1971, in which it may file its notice of appeal from the order of August 31, 1971.

Attached to the defendant's motion for an enlargement of time is an affidavit signed by the general counsel for the defendant. The affidavit states that the affiant first learned of the default judgment and denial of the motion to vacate such judgment on or about September 9, 1971. The affidavit then sets forth the unsuccessful attempts to contact the attorney first retained by the defendant to represent it in this action.

 The defendant's time for filing its notice of appeal expired on September 30, 1971. While the motion for enlargement of time apparently is premised upon the contention that there has been "excusable neglect," I am of the opinion that the defendant's motion should not be granted. In general, "no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice [of appeal] be timely filed." Committee Note of 1966 to Amended Subdivision (a) [of former rule 73(a)], 9 Moore's Federal Practice ¶ 203.25 [3], at 783 (1970). The defendant learned of this court's order denying its motion to vacate the default judgment well before it was required to file its notice of appeal; furthermore, nothing is now before this court to demonstrate, that the present action is the "extraordinary case" in which denial of the motion for an enlargement of time will result in injustice to the defendant. 9 Moore's Federal Practice, supra, at 968. Indeed, the notice of appeal in this case has actually been filed before the deadline had expired.

Therefore, it is ordered that the defendant's motion for an enlargement of time be and hereby is denied.