**L. Douglas PRUITT, Plaintiff,**

v.

**James KIMBROUGH, James Clement, James Letsinger, Richard Maroc, Individually and as Judges of the Superior Court of Lake County, Indiana, The Superior Court of Lake County, Indiana, Noah Atterson Spann, Jr., Frank A. J. Stodola, Rudy Bartolomei, Individually and as Commissioners of the Board of County Commissioners, Lake County, Indiana, and The Board of County Commissioners, Lake County, Indiana, Richard J. Blastick, Gerald J. Mazur, Richard G. Golambas, Rudolph Clay, Roland C. Beckham, Jr., Steve Corey, Sidney E. Garner, Individually and as Councilmen of the Lake County Council and The Lake County Council, Indiana, Defendants.**

No. H 79-528.

United States District Court,
N. D. Indiana,
Hammond Division.

April 19, 1982.

Robert H. Ellch, Scariano, Kula & Assocs., Chicago Heights, Ill., for plaintiff.

Linley E. Pearson, Atty. Gen. of Indiana, and George B. Huff, Jr., Dep. Atty. Gen., Indianapolis, Ind., for defendants Kimbrough, Clement, Letsinger, Maroc, and Superior Court of Lake County, Ind.

A. Martin Katz and John Dull, Crown Point, Ind., for defendants Lake County Commissioners and Lake County Council and individual commissioners and councilmen.

## MEMORANDUM DECISION

KANNE, District Judge.

This matter is before the Court on the motion of the defendants, James Kimbrough, James Clement, James Letsinger and Richard Maroc, individually, and as judges of the Superior Court of Lake County, Indiana, and the Superior Court of Lake County, Indiana (hereinafter referred to as "defendant judges"), to set aside a judgment of dismissal entered herein on February 16, 1982, and for stay of execution of judgment pending disposition of this cause on the merits. The defendant judges have also filed a motion to extend the time for filing their notice of appeal, and to file a notice of appeal.

The plaintiff, L. Douglas Pruitt (hereinafter referred to as "Pruitt"), filed his complaint on November 5, 1979, naming the Superior Court of Lake County, Indiana, and the four judges of the criminal division of that court, charging violations of the 1st and 14th Amendments and 42 U.S.C. § 1983. Pruitt claims that he was discharged from his position as assistant director of criminal probation of the Lake Superior Court because he had actively participated in political activities, campaigns and elections. Pruitt concedes that his discharge was carried out pursuant to an official policy adopted by the Superior Court of Lake County, Indiana, to eliminate "political patronage" from the Probation Department.

Pruitt's complaint was dismissed by this court on January 18, 1980, on motion of the defendant judges.

Pruitt perfected his appeal, and on September 10, 1981, the Court of Appeals affirmed the dismissal of Pruitt's claim for monetary damages, and reversed the dismissal of the complaint for injunctive relief. 665 F.2d 1049. The cause then returned to this court for evidentiary hearing and disposition of the issues relating to injunctive relief.

Pruitt thereafter filed his first amended complaint on October 23, 1981, adding as additional parties defendant the Board of Commissioners of Lake County, individually and as commissioners, and the Lake County Council, individually and as councilmen.

The defendant judges answered the amended complaint on November 13, 1981, and denied the averments which asserted their liability under 42 U.S.C. § 1983. The newly joined defendants neither objected to their joinder as defendants nor answered Pruitt's amended complaint.

Pruitt thereafter filed his motion for voluntary dismissal on February 11, 1982, which this court granted on February 12, 1982.

In order to secure an evidentiary hearing, the defendant judges now seek to set aside the judgment entered herein on February 16, 1982, pursuant to the order of dismissal, and to stay execution on that judgment.

Before addressing the merits of the motion to set aside the judgment and stay execution, it is appropriate to set out the background Indiana law provides for this dispute.

■ Judges of Indiana's circuit, superior and county courts are judicial officers of the state judicial system; they are not county officials. *State ex rel. McClure v. Marion Superior Court,* 239 Ind. 472, 158 N.E.2d 264 (1959); *State ex rel. Gibson v. Friedley,* 135 Ind. 119, 34 N.E. 872 (1893); and *State ex rel. Pitman v. Tucker,* 46 Ind. 355 (1874). Therefore, the judges of the Lake Superior Court are not local county officials.

■ Circuit, superior and county courts in Indiana are exclusively units of the judicial branch of the State's constitutional system; such courts are not units of county government. *State ex rel. McClure v. Marion Superior Court, supra; State ex rel. Gleason v. Gerdink,* 173 Ind. 245, 90 N.E. 70 (1909); and Ind.Const., art. 3, § 1; art. 7, § 1, and, art. 5, § 18.[1]

County government has no judicial branch under Indiana law. Art. 6, § 2, of the Indiana Constitution, which designates county officers, contains no reference to judges. Accordingly, Article 2 of Title 36 of the Indiana Code relating to county government, makes no reference to any county judicial office.

Indiana law does provide, however, that county government directly finance the operation of Indiana's state trial court system. This includes supplemental payments to the state salaries of judges, together with the entire salaries of support court personnel. State trial court facilities and equipment are also provided directly by county government.[2] Each "county officer" is required to submit a budget estimate each year. Ind. Code § 36–2–5–5. However, since a judge is not a "county officer," each trial court's budget estimate must be prepared by the clerk of the court, approved by the judge, and then submitted to the county auditor. Ind.Code § 36–2–5–6.

We now turn to Indiana law relating directly to the Lake Superior Court. The judges of the Lake Superior Court are appointed initially through a non-partisan selection process by the governor. Thereafter, they are subject to a "yes" or "no" non-partisan retention ballot at a general election two years after their initial appointment, and thereafter every ten years. Ind.Code § 33–5–29.5–1 et seq.

The judges of the Lake Superior Court carry no political designation with regard to

1. Art. 3, § 1, of the Indiana Constitution provides: "The powers of Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." This constitutional provision has consistently been determined to have specific application to the trial courts as a part of the judicial branch of state government in their dealings with executive agencies of state government. *State ex rel. Indiana State Board of Finance v. Marion County Superior Court,* Ind., 396 N.E.2d 340 (1979); and, *Hurt v. State,* Ind.App. 367 N.E.2d 1109 (1977). It has long been held that art. 3, § 1, relates solely to state government and officers and their duties

under one of the separate departments of state and not to municipal governments and officers. *Sarlls v. State ex rel. Trimble,* 201 Ind. 88, 166 N.E. 270 (1929).

2. Historically this has taken place because the state trial judges initially rode an actual circuit. A single trial judge would hold court in a number of counties in his circuit. Each county in the circuit was required to provide a place for holding court and personnel to service the court. As the number of circuits increased over the years, the size of the circuits became smaller until, in most cases, they included only one county. However, the county's financial support of the state trial courts has continued. *See* Indiana Judicial Center, *The Indiana Trial Court System,* Vol. I (1978).

their offices. They are not selected through partisan political election nor are they permitted to be involved in partisan political activities. Ind.Code § 33–5–29.5–43 provides in part:

"No judge of the superior court of Lake County shall, during his term of office, ... run for elective office, directly or indirectly make any contributions to, or hold any office in, a political campaign. Failure to comply with the provisions of this section shall be sufficient cause for the Commission on Judicial Qualifications ... to recommend to the Supreme Court that such judge be censured or removed. No political party shall directly or indirectly campaign for or against a judge subject to retention or rejection pursuant to this chapter."

The senior judge of each division of the Lake Superior Court may appoint certain personnel under the provisions of Ind.Code § 33–5–29.5–8. This statute requires that any bailiffs, court reporters, probation officers, and other personnel shall be appointed *"without regard to the political affiliation of the appointees"*.

While it is clear that court secretaries and bailiffs are confidential employees, the applicable Indiana law should be examined with regard to the confidential nature of probation officers.

Specifically, Ind.Code § 11–13–1–1 directs that "probation officers shall serve at the pleasure of the appointing court and are directly responsible to and subject to the order of the court". In the case of the Lake Superior Court, this is modified by § 35–5–29.5–8 which directs that such personnel shall serve at the pleasure of the senior judge of the division.

The duties of a probation officer in Indiana are set forth in Ind.Code § 11–13–1–3 which provides, in part, that a probation officer shall:

(1) Conduct pre-hearing and pre-sentence investigations and prepare reports as required by law;

(2) assist the court in making pre-trial release decisions;

(3) assist the courts, prosecuting attorneys, and other law enforcement officials in making decisions regarding the diversion of charged individual to appropriate non-criminal alternatives;

.    .    .    .    .

(6) bring to the court's attention any modification in the conditions of probation considered advisable;

(7) notify the court when a violation of a condition of probation occurs;

.    .    .    .    .

(12) perform other duties required by law or as directed by the court.

Clearly the duties required by law of a probation officer dictate that the relationship between a judge and probation officer must be confidential. For example, in a sentencing conference they must be able to freely exchange views regarding sentencing disposition. The judge must also have confidence that the recommendation of a probation officer is not based upon improper considerations such as the political affiliation or connections of the defendant. The judge must further be assured that any appearance of political input with regard to sentencing is avoided.

In removing the judges of the Lake Superior Court from the partisan elective process in 1973 and creating the merit selection process, the Legislature made it clear that appointments of probation officers (as well as other court employees) were to be made outside of any political considerations. The language in Ind.Code § 33–5–29.5–8, *supra*, indicates the intent of the Indiana Legislature, consistent with the enactment of the non-partisan Lake Superior Court, was to ensure that employees of that court would not engage in partisan politics.

■ It comports with the intent of the enacting legislation to require that court employees, particularly those with sensitive functions within the judicial process, be prohibited from engaging in partisan politics.[3]

---

**3.** Canon 7 of the Indiana Code of Judicial Conduct provides at A(1) that "a judge ... should

not: (a) act as a leader or hold any office in a

It would be contrary to the intent of the Legislature, and a violation of Indiana Code of Judicial Conduct as it applies to the judges of the Lake Superior Court, for the defendant judges to permit court employees to actively engage in partisan politics.

To the defendant judges, this case did not present an issue of political loyalty or conflicting political interest between employer and employee, but rather, the issue of whether or not a non-partisan court can prohibit partisan political activities by its employees.

■ This issue has been resolved by the dismissal of the case against the defendant judges with prejudice. To reopen this case would constitute a useless act. The judgment of dismissal with prejudice gives the defendant judges the basic relief they have sought. "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964). This Court, having reviewed the record, the arguments of counsel, and the order of dismissal herein, finds that the judgment is a fair resolution of the issues raised by the parties and is consistent with the public interest. For these reasons the motions of the defendant judges to set aside the judgment of dismissal and for stay of execution of judgment should be overruled and denied.

■ Next we examine the motion of the defendant judges for an extension of the time for filing their notice of appeal, and to file a notice of appeal. Under Federal Rules of Appellate Procedure 4(a)(5) this Court may extend the time for filing a notice of appeal upon a showing of "excusable neglect or good cause."

Under Rule 4's antecedent, Fed.R.Civ.P. 73(a), "excusable neglect" was construed rather narrowly. It was generally confined to cases where a party or an attorney was not timely informed of the entry of judgment, *Vac-Air, Inc. v. John Mohr & Sons, Inc.*, 53 F.R.D. 365 (E.D.Wis.1971), or where other "unique circumstances" would make denial of an appeal unfair. *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

The addition of the "good cause" standard to the Rule in 1979 has been interpreted as expanding the Court's discretion to grant Rule 4(a) extensions. *See, e.g., Davis v. Page*, 618 F.2d 374 (5th Cir. 1980). However, the comments to the amended rule indicate that "excusable neglect" is still the appropriate standard for motions filed after the normal time for appeal has expired. *Import Specialties, Inc. v. Mylee Digital Sciences, Inc.*, 518 F.Supp. 1295 (E.D.Wis. 1981); 9 Moore Fed.Pract. § 204.13[1].

Defendant judges filed their motions to set aside and stay execution of the judgment pursuant to Rules 60(a) and 62(b) on February 26, 1982. Their memorandum of law, filed in support of their motions on March 22, 1982, relies exclusively on case law decided under Rule 60(b). Rule 60 explicitly provides that "a motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." The Advisory Committee Note to Rule 60(b), when originally adopted, stated: "Application to the court under this subdivision does not extend the time for taking an appeal, as distinguished from the motion for new trial." Similarly, application under Rule 60(a) for correction of clerical errors does not expand the time for filing an appeal. 11 Wright & Miller, Fed.Pract. & Proc. § 2871, n. 87 (1973).

Defendant judges do not show the existence of either "excusable neglect" or the

---

political organization; (b) make speeches for a political organization or candidate or publicly endorse a candidate for public office; (c) solicit funds for or pay an assessment to make a contribution to a political organization or candidate, attend political gatherings or purchase tickets for political party dinners, or other

functions..." (Exception is made for those judges who are elected through the political process.) Further, Canon 3(B)(2) provides that "a judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him."

"unique circumstances" which would justify granting their motion to extend time for filing their appeal. They were timely notified of the entry of judgment; they did not file motions under Rules 50(b), 52(b), 59(a) or 59(e) to toll the running of the limitations-period; they were not unsophisticated litigants; nor were they misled by an erroneous ruling of this Court. *Harris Truck Lines, Inc., supra; Files v. City of Rockford,* 440 F.2d 811 (7th Cir. 1971). As stated previously, the adjudication was in favor of the defendant judges and they have received the basic relief they sought.

It is therefore ordered that defendant judges' motions to set aside the judgment of dismissal and for stay of execution of the judgment are overruled and denied.

It is further ordered that defendant judges' motions to set aside the judgment, to stay execution of the judgment, to extend the time for filing notice of appeal, and to file a notice of appeal instanter, are overruled and denied.