Jon M. **WOODS,** et al., Plaintiffs,

v.

**CITY OF MICHIGAN CITY,** et al., Defendants.

No. S86–650.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 6, 1988.

Hugo E. Martz, Valparaiso, Ind., for plaintiffs.

Charles E. Hervas, Itasca, Ill., Steven C. Snyder, Michigan City, Ind., Shaw Friedman, Martin Kus, Leon Kaminski, LaPorte, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the motion for summary judgment filed by defendant LaPorte County, Indiana. Plaintiffs Jon Woods and Connie Blakley have filed their response and LaPorte County its reply. Jurisdiction is vested pursuant to 28 U.S.C. § 1343(a)(3). For the reasons set forth below, the court finds that LaPorte County is entitled to summary judgment because Judge Arthur Keppen is not a policymaker with final policymaking authority for LaPorte County for purposes of municipal liability under 42 U.S.C. § 1983.

### I. *Introduction*

Jon Woods and his mother, Connie Blakley, filed this action pursuant to 42 U.S.C. § 1983, alleging that the City of Michigan City, Indiana and six of its police officers violated their Fourth and Fourteenth Amendment rights protected by the United States Constitution. Ms. Blakley claimed the defendants violated her Fourth Amendment rights by searching and seizing her car, that Jon Woods was driving. Jon Woods claimed that the defendants had violated his Fourteenth Amendment right to due process of law by detaining him for eight hours in the LaPorte County Jail on a charge of reckless driving while awaiting the posting of bond for a non-bondable offense.

On April 14, 1988, the court entered judgment in favor of the original defendants on Mr. Woods' due process claim. *Woods v.* *City of Michigan City, Indiana,* 685 F.Supp. 1457 (N.D.Ind.1988). The court held as a matter of law that the bond schedule established by LaPorte Superior Court Judge Arthur Keppen caused Mr. Woods' detention. The bond schedule appeared to contravene IND.CODE 9–4–1–131, which classifies reckless driving as a non-bondable offense. After looking to state law, the court could not find that Judge Keppen was a policymaker with final policymaking authority for the City of Michigan City to bind the City for purposes of liability under § 1983.[1]

On April 27, the plaintiffs were granted leave to amend their complaint to add LaPorte County, Indiana as an additional defendant. On May 13, the plaintiffs filed their amended complaint alleging in the additional paragraphs numbered 32 and 33 that Judge Keppen was acting within the scope of his employment as "County Court Judge", and, therefore, the illegal bond schedule constituted a custom, usage, practice and policy of LaPorte County. The county moved for summary judgment on June 9, 1988.[2]

The facts giving rise to the plaintiffs' claims remain the same as set forth in the court's April 14 memorandum. 685 F.Supp. at 1459–1460. Accordingly, neither the facts, nor the standards applicable to summary judgment motions, 685 F.Supp. at 1460, will be recounted here. The court will move directly to the analysis of whether Judge Keppen, as a county court judge, is a policymaker for LaPorte County.

### II. *Analysis*

The county argues that Judge Keppen is neither a county employee nor an official of LaPorte County government, but rather a state judicial officer. Accordingly, the

---

1. On April 25, 1988, the plaintiffs filed a petition for entry of an appealable order. The court granted the plaintiffs' petition for an interlocutory appeal on April 27. On June 2, the Seventh Circuit Court of Appeals denied the plaintiffs' petition for permission to appeal.

2. The plaintiffs have asserted that defendant LaPorte County failed to comply with Local Rule 11, requiring that a moving party must file a

statement of material facts, proposed conclusions of law and proposed summary judgment, and, therefore, the court should deny defendant's motion. Defendant LaPorte County, in its reply to plaintiffs' response to the motion for summary judgment, did submit documents in compliance with Local Rule 11 and, accordingly, the court will address the substance of the pending motion.

county maintains, the promulgation and implementation of the bond schedule were not a policy of LaPorte County, Indiana, but rather the policy of a state judicial officer acting within the scope of his jurisdiction. The county argues, therefore, that LaPorte County is not liable under § 1983 because it had no policies that caused Jon Woods to be subjected to a violation of his constitutional rights.

Mr. Woods contends that Judge Keppen is a county official with final policymaking authority for LaPorte County to set bond schedules, and the bail schedule he established was a policy of LaPorte County. Judge Keppen is elected by the voters of LaPorte County; LaPorte County paid a portion of Judge Keppen's salary during the time in question; Judge Keppen had county-wide jurisdiction; and LaPorte County, through its Board of Commissioners, provided facilities, support staff, salaries, supplies and equipment for Judge Keppen.

In *City of St. Louis v. Praprotnik,* ——— U.S. ———, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), the Supreme Court refined the contours of municipal liability under § 1983. The *Praprotnik* Court instructed courts to look to state law, for state law "will always direct a court to some official or body that has the responsibility for making law or setting policy in any given area of a local government's business". 108 S.Ct. at 925.

Under Indiana law, a judge of a court of criminal jurisdiction is the official with final authority for fixing bail. IND.CODE 35-33-8-4(a); *Sanders v. City of Fort Wayne,* 616 F.Supp. 467 (N.D.Ind.1985). However, to attribute liability to the county, the court must find that a judge is a county official responsible under state law for making policy of that kind in that area of the county's business. *Pembaur v. Cincinnati,* 475 U.S. 469, 482–483, 106 S.Ct. 1292, 1299–1300, 89 L.Ed.2d 452 (1986).

A review of Indiana law reveals that judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system: "they are not county officials". *Pruitt v. Kimbrough,* 536 F.Supp. 764, 766 (N.D.Ind.), *aff'd* 705 F.2d

462 (7th Cir.1983), *citing State ex rel. McClure v. Marion Superior Court,* 239 Ind. 472, 158 N.E.2d 264 (1959); *State ex rel. Gibson v. Friedley,* 135 Ind. 119, 34 N.E. 872 (1893). The *Pruitt* court analyzed Indiana's constitution to determine whether county court judges are county officials and found they are not:

> Article 6, § 2 of the Indiana Constitution which designates county officers, contains no reference to judges. Article 2 of Title 36 of the Indiana Code relating to county government, makes no reference to any county judicial office.

*Pruitt,* 536 F.Supp. at 766.

The *Pruitt* court considered arguments similar to those set forth by Mr. Woods: the county finances the county courts, thereby making the county court judge an official of the county. The *Pruitt* court found that this arrangement did not render the county court judge a county official, but merely required the county to assist the operation of Indiana's state trial court system. *Pruitt,* 536 F.Supp. at 766.

The *Pruitt* court's analysis is persuasive. Although *Pruitt* addressed an issue unrelated to the plaintiff's § 1983 action, the court certainly addressed the issue confronting this court: whether a county court judge is a county official. A municipality may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered". *Praprotnik,* 108 S.Ct. at 924, *quoting Pembaur,* 475 U.S. at 480, 106 S.Ct. at 1298. *Pruitt,* 536 F.Supp. at 766, and *State ex rel. McClure v. Marion Superior Court, Room No. 1,* 239 Ind. 472, 158 N.E.2d 264, 274 (1959), teach that "the judge of a circuit court is not a county officer, but is an officer of a judicial circuit". County courts in Indiana are exclusively units of the judicial branch of the state's constitutional system. *Pruitt,* 536 F.Supp. at 766. County governments in Indiana operate independently of the county courts, despite the requirement of providing financial assistance to the courts.

Accordingly, the court must conclude that Superior Court Judge Keppen is not a

county official and that, despite the county's financial assistance to the county courts, LaPorte County is not responsible under Indiana law for substantive matters established by county court judges. Mr. Woods cites *Anela v. City of Wildwood*, 790 F.2d 1063 (3rd Cir.), *cert. denied* 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986), in support of his argument that Judge Keppen is a policymaker for purposes of county liability. Mr. Woods advanced a similar argument in opposition to the City of Michigan City's motion for summary judgment, and the court found that the plaintiffs had presented no evidence that it was the custom and practice of the Michigan City police routinely to detain arrestees charged with reckless driving until bond was posted. 685 F.Supp. at 1463–1464.

In *Anela*, the City of Wildwood acknowledged that it routinely followed the repugnant bail schedule established by the municipal court judge. 790 F.2d at 1067. The *Anela* court analyzed the case under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Anela* provides no support for Mr. Woods' contention that Judge Keppen was a policymaker for purposes of attributing liability to the county.

The court recognizes the anomaly posed by its rulings in this case. The record before the court indicates that Mr. Woods was subjected to a violation of state law by being detained awaiting the posting of bond for a non-bondable offense. Yet the court has held that Michigan City cannot be liable because Judge Keppen was not a City policymaker; the court holds today that LaPorte County cannot be liable because Judge Keppen was not a county policymaker; judicial immunity would appear to render Judge Keppen immune from personal liability, *Forrester v. White*, —— U.S. ——, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988);

and the Eleventh Amendment would appear to bar a suit against Judge Keppen in his official capacity, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The court must, however, rule on the basis of existing law. Under that law, the court must conclude that Judge Keppen, although the policymaker with the final policymaking authority for bond schedules causing Mr. Woods' detention, is not a county official for purposes of § 1983 to attribute liability to LaPorte County.[3]

Accordingly, LaPorte County is entitled to judgment as a matter of law.

### III. *Conclusion*

The court now GRANTS the motion for summary judgment of defendant LaPorte County, Indiana.

SO ORDERED.

---

**3.** Mr. Woods maintains in his brief that the court's earlier order held that Judge Keppen was the county official with final policymaking authority for LaPorte County, and that that holding is the "law of the case". The court can find no such holding in the earlier order, however. Further, any such statement would have been dictum in the April 14 order; the only proper holding would have been that Judge Keppen was not a policymaker for purposes of liability of the City of Michigan City.